# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

D'ANGELO BATTIS,

    Petitioner,

v.                                                                               CASE NO. 8:19-cv-2447-T-02AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE

The Court has before it in this civil matter the movant's motion to vacate conviction under 28 U.S.C. § 2255 (Civ. Doc. 1) and the Government's response. Civ. Doc. 16.[1] The Court denies the motion.

Movant was charged by a four-count indictment for these crimes occurring on August 30, 2015: (1) possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) felon in

---

[1] In this civil case, citations to the docket will be denoted "Civ. Doc. ___."

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). The underlying criminal matter is 8:15-cr-429-T-17AAS.[2]

Movant entered into a plea agreement with the United States. Cr. Doc. 23. The movant agreed to plead guilty to count three of the indictment, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id*. at 1. In exchange for the plea, counts one, two and four were dismissed. *Id*. at 2. The plea agreement contained a waiver of right to appeal the sentence as well as an acknowledgement that movant was entering into the agreement freely and voluntarily. *Id*. at 14, 15. Movant wrote his initials on the bottom of each of the 18 pages of the agreement and signed the last page of the agreement. *Id*. at 1–18..

During the plea proceedings, the Court reviewed the terms of the plea agreement with the movant. Cr. Doc. 66. The Court placed the movant under oath prior to asking him any questions about his plea. *Id*. at 3, 8. Movant confirmed he understood the plea proceedings and confirmed that he had discussed the plea agreement with his attorney. *Id*. at 5. The Court reviewed the appellate waiver with the movant. *Id*. at 20. The Court also explained the elements of the offense that the movant was pleading to and what the government would have had to prove if the

---

[2] References to the criminal docket will be denoted "Cr. Doc. ___."

case had gone to trial. *Id*. at 26. Movant confirmed his understanding of the above. *Id*. at 23-26.

In the Pre-Sentence Investigation Report (PSR), the movant was designated as a career offender. Cr. Doc. S-35 at ¶ 20. The PSR lists two of his prior state convictions as the basis for this determination. *Id*. at ¶ 21. Both state convictions are for possession of marijuana with the intent to sell in violation of Florida Statute § 893.13(1)(a). *See id*. Because the movant was designated as a career offender, his offense level was initially computed at 37 and then reduced to 34 based on his acceptance of responsibility. *Id*. at ¶¶ 21–22. The criminal history category was calculated to be a category of VI. *Id*. at ¶ 48. Movant had 20 criminal history category points stemming from 18 separate prior criminal matters. Movant's guidelines range was calculated to be 262 to 327 months' imprisonment. *Id*. at ¶ 82.

Movant was sentenced August 12, 2016. Cr. Doc. 70. During the sentencing the Court confirmed that both parties had reviewed the PSR and that neither party had any objections to the factual statements or guidelines calculations contained in the report. *Id*. at 3. The Court sentenced the movant to 262 months' imprisonment, followed by five years of supervised release. *Id*. at 17.

On August 18, 2017, the movant filed a motion to vacate his judgment and sentence pursuant to 28 U.S.C. § 2255. Cr. Doc. 49. In his motion, the movant

3

alleged that his counsel was ineffective for failing to file a direct appeal upon his request. *Id*. The Court granted the movant's motion on August 8, 2017. Cr. Doc. 50. In its order, the Court explained it was granting the motion without an evidentiary hearing only in the interest of judicial economy, and that the ruling should not be construed as a determination on the merits of the claim. *Id*. at 2.

The movant then filed his belated notice of appeal with the Eleventh Circuit Court of Appeals on August 21, 2017. Cr. Doc. 56. His counsel filed an *Anders*[3] brief. On March 16, 2018, the Eleventh Circuit Court of Appeals affirmed the movant's judgment and sentence. Cr. Docs. 72, 73. The Supreme Court denied certiorari on October 1, 2018. Cr. Doc. 74.

The movant filed the instant motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on September 20, 2019. Civ. Doc. 1. Movant bears the burden of proof and persuasion on all aspects of his claim. *See In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases). That is "a significantly higher hurdle than would exist on direct appeal" under plain error review. *United States v. Frady*, 456 U.S. 152, 166 (1982). Accordingly, if this Court "cannot tell one way or the other" whether the claim is valid, the movant has failed to carry his burden. *Moore*, 830 F.3d at 1273. The Government concedes this motion is timely. Civ. Doc. 16 at 5.

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

The United States does not contend that the motion to vacate is second or successive, such that it would need the Court of Appeals' prior approval through certification. 28 U.S.C. § 2255(h). Given this concession, and because of the novel claim that developed (but is now resolved) by *Shular v. United States*, No. 18-6662, 2020 WL 908904 (Feb. 26, 2020) and due to the newness of the First Step Act, the Court has concluded the matter may be here considered on the merits and not as "a second or successive motion" that must be Eleventh Circuit-certified before it may be considered. 28 U.S.C. 2255(h). In a light most favorable to the movant, the issues are newly presented to his purview, 28 U.S.C. 2255(4), permitting resolution on the merits.

**First Claim for Relief**

The movant's first claim for relief should be denied. He asserts that his counsel was ineffective for not presenting to the sentencing court the holding and issues of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif* has no applicability to movant's case, as the requirements for conviction under 18 U.S.C. § 924(c)(1)(A)(i) were not affected by the ruling in *Rehaif*.

In *Rehaif*, the Supreme Court held that to convict a movant under 18 U.S.C § 922(g), the government must show that the felon who possessed a gun also knew his relevant status at the time of possession. *See* 139 S. Ct. at 2194. Movant, though, was not convicted under § 922(g), which is the felon-in-possession statute.

Instead, the movant agreed to plead guilty to possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924. *See generally* Cr. Doc. 23. That crime does not include any element that a movant be aware of whether he is a convicted felon (or any other prohibited status). *See id.* at 2 (listing the elements of 18 U.S.C. § 924(c)). Thus, the movant's counsel did not err related to *Rehaif* or to the elements of § 922(g). Ground one states no basis for relief.

**Second and Third Claims for Relief**

The movant references the grant of certiorari in *Shular* and the supposed lack of a *mens rea* element to support both his second and third claims that the Court improperly considered his prior state convictions during sentencing. Civ. Doc. 9 at 11–12. *Shular* is inapt. Per *Shular*, a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) (the Armed Career Criminal Act or the ACCA) need only involve manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. The Supreme Court found these criteria satisfied by Shular's convictions under Florida's drug laws. The Florida drug statutes' lack of a *mens rea* element does not disqualify them as predicates for the ACCA's penalty provision. *Id.*, 2020 WL 908904, at *6–7. *Shular* thus provides no support that the movant's counsel was ineffective.

Also, *Shular* addressed the Armed Career Criminal Act, which is not applicable at all to this conviction. Movant was not sentenced as an armed career

6

criminal, but instead as a career offender under the guidelines. As discussed further below, the Eleventh Circuit has rejected claims like the movant's that prior convictions under the Florida drug statute do not qualify as career-offender predicates. The *Shular* ruling puts an end to the movant's argument that "[his] state priors are considered unconstitutionally vague because they have no *mens rea*." Civ. Doc. 9 at 12.

The Government in response properly cites the case of *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), where the Eleventh Circuit considered whether prior state convictions for possession of cocaine with the intent to sell and possession of marijuana with the intent to sell, in violation of Florida Statute, section 893.13(1)(a)(2) could be considered "serious drug offenses" and "controlled substance offenses" for the purpose of the ACCA. *Id*. at 1264–65. *Smith* held that no *mens rea* element was required to classify a prior criminal offense as a "controlled substance offense" under the guidelines. 775 F.3d at 1267–68. Thus, convictions under section 893.13(1) of the Florida Statutes are "controlled substance offenses" under the guidelines. *Id*.

Movant had two prior state convictions for possession of marijuana with the intent to sell, manufacture or distribute in violation of Florida Statute, section 893.13(1)(a). Based on Eleventh Circuit precedent, the PSR correctly designated these convictions as "controlled substance offenses" and found the movant was a

7

career offender, conclusions which this Court then correctly adopted in sentencing him. *See* Cr. Doc. S-35 at ¶ 21.

In Ground Two, the movant also claims that his counsel was ineffective because there were no *Shepard*[4] documents produced to "verify" his state priors. Civ. Doc. 9 at 11. The Court agrees with the Government that the movant can show neither ineffective assistance nor prejudice with respect to this claim because he has not demonstrated that any of his prior convictions were wrongly considered as career-offender predicates. Thus, he is not entitled to relief on this basis either. There is no doubt he was properly considered a career offender under the guidelines.

**Fourth Claim for Relief**

The movant argues in his fourth claim for relief that his counsel was ineffective for failing to challenge his sentence under the First Step Act of 2018. This claim should also be denied because the movant's offense is not a covered offense as defined by § 404 of the First Step Act.

Movant seeks to rely on the First Step Act because he served only "one year and a day" on his first marijuana conviction, thus arguing that a predicate conviction is inapplicable. Civ. Doc. 9 at 11, 13. The PSR, though, shows that he

---

[4] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

was sentenced to 13 months on this offense, Cr. Doc. S-35 at ¶ 43, and the movant has not met his burden to demonstrate that this was not correct.

In any event the First Step Act's requirement that a movant serve more than a year in prison applies only to predicate enhancements for recidivist drug offenders under 21 U.S.C. § 841. S*ee* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(a). Movant was not subject to an enhanced sentence under § 841. Finally, the First Step Act's change to the penalties for recidivist drug offenders was not effective until the date of enactment, that is, December 21, 2018, years after Battis's sentencing. First Step Act, § 401(c) (First Step Act sentencing provisions apply only where "a sentence for the offense has not been imposed as of [the] date of enactment"). Movant thus cannot rely on the First Step Act to show ineffective assistance of counsel. *See United States v. Perez*, No. 0:97-cr-509, 2020 WL 804267, at *3 (S.D. Fla. Feb. 18, 2020) (citing cases).

The Court has previously denied relief under the First Step Act to the movant. Cr. Doc 85. The Act simply does not apply to possession of a firearm in furtherance of a drug offense.

Because the motion states no cognizable grounds that the movant's counsel was ineffective, there is no need for an evidentiary hearing; movant has failed this burden. See *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (*en banc*). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with

a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255).

Accordingly, the motion to vacate (Civ. Doc. 1) is denied. The Clerk shall close this case. There are no righteous grounds for relief and a certificate of appealability is denied.

**DONE AND ORDERED** at Tampa, Florida, on March 3, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record